[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11312
_____

D.C. No. 1:12-cv-24298-JAL


CHARLES C. WILHELM, M.D., Relator,

Plaintiff-Appellant,

versus

MOLINA HEALTHCARE OF FLORIDA, INC.,
MOLINA HEALTHCARE, INC.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 18, 2017)


Before MARCUS, ANDERSON, and GINSBURG,* Circuit Judges.

_____
* Honorable Douglas H. Ginsburg, United States Circuit Judge for the District of Columbia
Circuit, sitting by designation.

PER CURIAM:

The primary issue in this appeal was resolved by our very recent decision in

United States ex rel. Saldivar v. Fresenius Medical Care Holdings, Inc., 841 F.3d

927, 932 n.1 (11th Cir. 2016), in which we held that the 2010 amendments to the

public disclosure bar of the False Claims Act (FCA), 31 U.S.C. § 3730(e)(4), are

not retroactive.  Thus, following Saldivar, we hold that the 1986 version of the

public disclosure bar is applicable to this case.

> The 1986 version of the public disclosure bar provided:
>
> (A) No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.
>
> (B) For purposes of this paragraph, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.

31 U.S.C. § 3730(e)(4) (2006).  This Court uses a three-part inquiry to determine

whether jurisdiction exists under this section: "(1) have the allegations made by the

plaintiff been publicly disclosed; (2) if so, is the disclosed information the basis of

the plaintiff's suit; (3) if yes, is the plaintiff an 'original source' of that

information."  Saldivar, 841 F.3d at 933 (quoting Cooper v. Blue Cross & Blue

Shield of Fla., Inc., 19 F.3d 562, 565 n.4 (11th Cir. 1994).  In the district court, plaintiff conceded that if the 1986 version applied, then publicly disclosed information was the basis of his suit and the only issue was whether he was an "original source" of that information.

The district court concluded that plaintiff was not an "original source."  The district court based its conclusions largely on plaintiff's own testimony in a prior civil suit that his knowledge with respect to crucial aspects of his allegations in this case was not personal.[1]  Rather, it was second-hand knowledge derived from evidence produced in discovery in that prior case and conversations with doctors, other providers, and Molina's officials.

Plaintiff's conclusory assertions in his brief on appeal and at oral argument fall short of persuading us that the foregoing conclusions by the district court are erroneous.  Based on our own review of the particular record before us, we conclude that plaintiff has failed to adduce sufficient facts to rise to the level of direct and independent knowledge — i.e., to carry his burden of proving that plaintiff is an original source.  We agree with the conclusions of the district court

---

[1]    We acknowledge that plaintiff's deposition was taken at a time that plaintiff may not have had in mind the significance of the distinction between first-hand and second-hand knowledge.  However, plaintiff's statements in that deposition cannot be disregarded, especially in light of the fact that plaintiff has adduced no evidence clarifying or undermining same.

that the crucial knowledge of plaintiff was second-hand.[2]  And our <u>Saldivar</u>

decision expressly holds that such second-hand information is not sufficient to

make plaintiff an "original source" under the 1986 version of the FCA.  <u>Id.</u> at 936.

Accordingly, the judgment of the district court is

AFFIRMED.

---

[2]    Because in this case we have given plaintiff the benefit of the most favorable standard of review, we need not actually decide the proper standard of review.